UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAGHAR UBHI, Derivatively on Behalf of Nominal Defendant HUT 8 CORP.,

                Plaintiff,

-against-

JAIME LEVERTON, SHENIF VISRAM, BILL TAI, MIKE HO, ASHER GENOOT, ALEXIA HEFTI, JOE FLINN, MAYO A. SHATTUCK, III, STANLEY O'NEAL, AMY WILKINSON, and RICK RICKERTSEN,

                Defendants,

-and-

HUT 8 CORP.,

                Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/25/2024

24 Civ. 2995 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Maghar Ubhi, brings this shareholder derivative action alleging that Defendants made or participated in making materially false and misleading statements regarding the business, operation, and prospects of Nominal Defendant Hut 8 Corp. ("Hut 8"). *See* Compl., ECF No. 1. On June 13, 2024, the Court ordered Plaintiff to show cause why the action should not be transferred to the U.S. District Court for the Southern District of Florida, where Hut 8's principal place of business is located. ECF No. 6; *see* Compl. ¶ 12.

      By response dated June 24, 2024, Plaintiff requests that the action be transferred to the U.S. District Court for the District of Delaware. Response, ECF No. 7 at 2. Plaintiff cites the forum selection clause contained in Hut 8's Certificate of Incorporation and Bylaws, which provides that certain corporate disputes must be brought in the Delaware Chancery Court or, "if such court lacks jurisdiction, any state or federal court located within the State of Delaware." *Id.* at 2–3. Plaintiff also notes that Hut 8 is "organized in Delaware" and argues that the action involves "classic principles of Delaware law." *Id.* at 3. Defendants "take no position . . . regarding transfer." *Id.* at 2 n.1.

      Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co.*

*v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).  Accordingly, it is hereby ORDERED that this action shall be transferred to the United States District Court for the District of Delaware.[1]

The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the District of Delaware and to close this case.

SO ORDERED.

Dated: June 25, 2024
       New York, New York

                                             ANALISA TORRES
                                       United States District Judge

---

[1] Although the forum selection clause names the Delaware Chancery Court as the primary forum, federal courts may only transfer an action to another federal court.  *See Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953).